## Case No. 11,916.

### ROBERTS v. SHELDON et al.

[8 Biss. 398;[1] 18 O. G. 1277.]

Circuit Court, N. D. Illinois. Jan. 7, 1879.

TRADE NAMES—"PARABOLA" NEEDLES.

1. The word "Parabola" used as the name of needles not being descriptive of any peculiar quality of the needles was *held*, a valid trade mark.

2. "William Clark & Sons' Parabola Needles" is an infringement of "Roberts' Parabola Needles."

[Cited in Battle & Co. v. Finlay, 45 Fed. 798; N. K. Fairbank Co. v. Central Lard Co., 64 Fed. 136.]

[This was a bill in equity by Robert J. Roberts against George W. Sheldon and others for an injunction to restrain the infringement of a trade-mark.]

Goodwin, Offield & Towle, for complainant.

Percy L. Shuman and E. G. Asay, for defendants.

BLODGETT, District Judge. This case comes up on application by the plaintiff for an injunction against the defendants, and on the demurrer of one of the defendants, George W. Sheldon, to the bill. The bill states in substance, that the complainant is a manufacturer of needles, in England, and a subject of that country, but that he is domiciled in this country, and finds here a large market for his manufactured goods; that as early as 1866, he adopted as a trade mark, the word "Parabola," which was printed on the outside of the packages containing his needles; that his goods have acquired a wide celebrity under the name, and an extensive sale; that he has expended large sums of money in advertising and introducing his goods, and that he is entitled, by virtue of having been the first to adopt this word as a trade mark for needles, to the exclusive use of it. He also alleges that the firm of William Clark & Sons, who are also manufacturers of needles in England, and are competitors of his in the American market, have put upon the market packages of needles in imitation of the packages of complainant's needles, and have used and are using the said word, "Parabola," to designate their needles, and are now introducing their packages, marked with complainant's trade mark, upon the markets of this country, and especially of the city of Chicago, whereby they are impairing the trade of the complainant, and prays for an injunction.

The defendant makes two points in the demurrer to this bill; the first is, that the word, "Parabola," is a description of the peculiar quality possessed by' these needles, namely: that the eye of the needle is constructed in the form of two parabolic curves brought together at their open ends; and in-vokes, upon this statement of fact, the well known rule in the law of trade marks, that a person will not be allowed to use, or adopt as a trade mark, any word which expresses the quality of the goods, such for instance, as, "best," "extra," or "superfine," or any of these adjectives. There are a large number of cases sustaining this position, and the rule, as a principle of the law of trade marks, is undoubtedly well established.

The second objection taken to the bill by the demurrer is, that the packages put up by Clark & Sons, and sold by the defendant, Sheldon, here as their agent, while they use the word "Parabola," at the same time are not calculated to deceive the public, because they say that the needles are manufactured by William Clark & Sons, and that the public are all notified that the needles made by the defendants, Clark & Sons, and sold by Sheldon, are "William Clark & Sons' Parabola Needles," and not the "Roberts' Parabola Needles;" and upon this ground it is claimed, there is no danger of the public being imposed upon, or deceived by reason of the defendants' use of the word.

In answer to the first point, namely, that the eye of this needle has a parabolic form, it perhaps would be enough to say that there is nothing upon the package tending to show that the word "Parabola," has any reference to the eye of the needle. It might as well be said, if the needle was a little curved, that it was a section of a parabolic curve. But I think it is answer enough to this position, to say that there is nothing on the envelope or label of the package, which says or tends to show that the eye of the needle is claimed to be made in the shape of a double parabola, or two parabolic curves, and when inspected under the glass, it would seem to me, as a question of fact, that the eye of this needle is elliptical rather than parabolic in shape. The word "Parabola," it seems to me is, as stated by the complainant, an arbitrary term adopted by complainant to distinguish his needles from those of other manufacturers, and he had a right to so select and apply it.

It is frequently the case that by close analysis and ingenuity, you can find in almost any trade mark a designation of some quality connected with the goods. An analogous case to this was before this court, and heard before the learned circuit judge and myself, four or five years since, in regard to what is known as the "Cream Baking Powder." The firm of Steele & Price filed a bill against one Richards and his associates stating that Steele & Price had adopted a trade mark to designate a certain baking powder which they manufactured, called "Cream Baking Powder." The defendant had also commenced manufacturing baking powders and was putting upon the market a commodity under the name of "Star Cream Baking Powder," and the question was there made, that the word "Cream" had reference to the quality of the baking powder; that is, that it

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

was the best in the market; the cream of baking powders. The position was argued very strenuously by the defendant's counsel, that it was a term of quality, not an arbitrary term; but in that case, which was decided by Judge Drummond, the court held that the defendants had no right to use the word "Cream," and that any prefix, or suffix, they used with it, would not give them the right to use it in connection with the manufacture of goods similar to those made by the complainants; that the complainants had the exclusive right to use that term to designate goods of their manufacture.

It seems to me the case was, in all respects, analogous to this. I do not recollect that the case has ever been reported. An oral opinion was delivered by Judge Drummond immediately on the close of the argument, and, I presume, it never got into the reports.[2]

In regard to the last point made, that by reason of the defendants using their own name upon the wrapper or envelope, the public are not deceived, it would, perhaps, be enough to say, that when goods acquire a specific name, the purchaser rarely looks to see who has manufactured the goods by that name. As, for instance, if, as a matter of fact, these needles have acquired, among the trade, and among consumers or users, the designation of "Parabola," to such an extent that the purchaser would simply ask for "Parabola needles," he might be supplied with the parabola needles manufactured by Clark & Sons, instead of those manufactured by the complainant, to the direct injury of the complainant and the abridging of his trade.

Another case very analogous to this, upon this point, was also before this court. A suit was brought by Proctor & Gamble against McBride & Co., of this city, to enjoin the use of a trade mark, which had been adopted by Proctor & Gamble, for a certain brand of soap, which they manufactured [Case No. 11,441]. Proctor & Gamble claimed that they had introduced to the public, under a trade mark of their own, a brand of soap under the term and designation of "Mottled German Soap," and they had adopted as a trade mark upon their packages, those words with a circle, with a moon and stars in the middle. The defendants, McBride & Co., who were manufacturers in this city, had put upon the market a brand of soap which they termed "S. W. McBride's German Mottled Soap," and they had marked these words upon the outside of their packages in combination with a crescent within which was a single star instead of a number of stars. That, I think,

was the distinction, so that it presented a stronger case for the defendants than this, because we find upon inspection that the defendants' and complainant's labels are almost identical to the eye; that is, the reading upon them is essentially the same. In one case, it is "Robert's Parabola Gold Burnished Sharps." Upon the other label or package, upon the same colored paper, and with the same colored ink, is printed, "William Clark & Sons' Parabola Gold Burnished Sharps," so that there is a similar use of terms or letters, and the same use of the word "Parabola," and the only distinction is that between "Roberts" and "William Clark & Sons." Now, in the case I mentioned, the defendants had departed much more widely from the complainant's trade mark. They had changed the arrangement of the words so, instead of its being "Mottled German Soap," it was "German Mottled Soap," and instead of a circle containing several stars, it was a crescent containing a single star, prefixed by the name of each maker; and it was argued in that case, there could be no possibility of intelligent consumers being deceived. So strong was the case made before me on an application for an injunction, that I refused the injunction; but after the proofs were taken, and the case brought to hearing before Judge Drummond, he sustained the infringement, and ordered a perpetual injunction against the defendants. It was also shown in that case that "Mottled German Soap," or "Mottled Soap," had been in common use in the trade for nearly fifty years, and that "Mottled Soap" was a commodity well known to the trade; but Judge Drummond sustained that trade mark as the exclusive property of the complainant, and held that the defendants infringed.

In the light of that case, which has never been questioned, it seems to me that the mere fact that the defendants in this case have used the words, "William Clark & Sons," so as to designate them as the manufacturers, does not defeat the complainant's right to the exclusive use of this word "Parabola," as designating his manufacture, and that there is a liability to impose upon the trade and on the public, from which the complainant has the right to be protected.

With these views, I shall order an injunction on the complainant's filing a bond in the penal sum of five thousand dollars, conditioned for the payment of any damages which the defendant may sustain by reason of the issuing of the injunction, and also require complainant as a condition of the granting of the injunction, to put in his proof within thirty days after the answer in this case is filed.

See, also, Williams v. Adams [Case No. 17,711.]

[2] [Nowhere reported; opinion not now accessible.]